IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES E. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:08cv639-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Commissioner of Social Security's Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g) (2000) and Federal Rule of Civil Procedure (FRCP) 58. Def.'s Mot. Remand (Doc. #13). The Commissioner states remand is necessary for further development of the record and to allow an ALJ to reconsider the medical evidence and properly evaluate Plaintiff's impairment to determine if Listing 14.08 is met or equaled. Def.'s Memorandum in Support of Mot. To Remand (Doc. #14 at 1).

This Court entered an Order (Doc. #15) directing Plaintiff to show cause why the motion to remand should not be granted. Plaintiff filed a Response (Doc. #17) on March 6, 2009, voicing no objection to the Motion to Remand.

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgement affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ

incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996); *see Carril v. Barnhart*, 201 F. Supp. 2d 1190, 1192 (N.D. Ala. 2002) (reversing the Commissioner's decision and remanding the case for further proceedings, where the Commissioner's decision was not supported by substantial evidence).

In this case, the Commissioner acknowledges that further development of the record and reconsideration by the ALJ is required. Def. Mem. Supp. Rem. (Doc. #14) at 1. Accordingly, the Court finds reversal and remand necessary.

Upon consideration of the Motion (Doc. #13) and Plaintiff's response (Doc. #17), it is

ORDERED that:

1. The Commissioner's Motion to Remand (Doc. #13) is GRANTED.

2. The decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and for the reasons set forth in Defendant's Brief in Support of its Motion to Remand (Doc. #14).

3. Upon receiving notice of any entitlement to past-due benefits, Plaintiff shall have sixty (60) days in which to seek attorney's fees under 42 U.S.C. § 406(b).[1]

A separate judgment will issue.

DONE this 25th day of March, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Blitch v. Astrue*, 261 Fed. App'x 241, 242 n.1 (11th Cir. 2008).